MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ACADIA L. SENESE (CABN 251287)
W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7301
   Facsimile: (415) 436-6758
   E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 12-00119 SI |
|---|---|---|
| | ) | |
| v. | ) | [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT MICHAEL ORTIZ, SR. |
| MICHAEL ORTIZ, SR., | ) | |
|    Defendant. | ) | |

    The defendant Michael Ortiz, Sr. came before this Court on May 10, 2012, for a detention hearing. The defendant was present and represented by his counsel, Mary MacNamara, Esq. Assistant United States Attorney Wilson Leung represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance or reasonably assure the safety of the community.

    Pretrial Services submitted a report recommending release.

    Upon consideration of the Pretrial Services report, the court file and the party proffers as

discussed below, the Court finds by clear and convincing evidence that no condition or combination of conditions would assure the safety of the community. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Michael Ortiz, Sr. is charged with multiple counts, including, *inter alia*, 18 U.S.C. § 1962(d) (Racketeering Conspiracy), 18 US.C. § 924(c) (Possession of a Firearm in Furtherance of a Crime of Violence), 18 U.S.C. § 3 and 1959(a)(1) (Accessory After-the-Fact), 18 U.S.C. § 371 (Conspiracy to Obstruct Justice) and 18 U.S.C. § 1512(c)(2) and 2 (Obstruction of Justice). The instant charges are part of a large, multi-defendant racketeering case in which the government alleges that the defendant conspired with others to obstruct justice following a December 22, 2010 triple murder, for which the defendant's son is indicted. Specifically, the government proffered that the defendant - knowing that the murders had been committed and that his son committed those murders - assisted his son in fleeing to Mexico and that he intimidated witnesses.

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the community's safety:  First, the defendant's conduct in

covering up the murders indicates a disregard for the judicial process.  Second, the intercepted communications captured the defendant threatening to harm a witness.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released, the defendant would be a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: July 18, 2012



HON. 
United States Magistrate Judge

[~~Proposed~~] Detention Order
No. CR 12-0119 SI